MICHAEL C. ORMSBY
United States Attorney
Eastern District of Washington
LAUREL J. HOLLAND
Assistant United States Attorney
402 E. Yakima Avenue, Suite 210
Yakima, Washington 98901
(509) 454-4425

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAY 10 2016

SEAN F. McAVOY, CLERK
_____ DEPUTY
YAKIMA, WASHINGTON

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

4:16-CR-6028-EFS

| UNITED STATES OF AMERICA, | INDICTMENT |
|---|---|
| Plaintiff, | Ct. 1: 18 U.S.C. § 2251(a)<br>Production of Child Pornography |
| vs. | Ct. 2: 18 U.S.C. § 2252A(a)(2)(A)<br>Receipt of Child Pornography |
| DARRIN LEE RUDDELL, | Ct. 3: 18 U.S.C. § 2252A(a)(5)(B)<br>Possession of Child Pornography |
| Defendant. | 18 U.S.C. § 2253<br>Forfeiture Allegations |

The Grand Jury charges:

COUNT 1

From or about December 2, 2014, and continuing through on or about April 6, 2015, in the Eastern District of Washington, the Defendant, DARRIN LEE RUDDELL, did knowingly employ, use, persuade, induce, entice, and coerce Minor A., to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was produced using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, all in violation of 18 U.S.C. § 2251(a).

1

## COUNT 2

From on or about January 13, 2014, and continuing through on or about February 23, 2016, in the Eastern District of Washington and elsewhere, the Defendant, DARRIN LEE RUDDELL, did knowingly receive any child pornography, as defined in 18 U.S.C. § 2256(8)(A), that had been mailed, shipped and transported in interstate commerce by any means, including by computer, to wit: still images depicting minor and prepubescent children engaging in sexually explicit conduct including but not limited to actual and simulated intercourse, and the lascivious exhibition of the genitals and pubic area, in violation of 18 U.S.C. § 2252(a)(2)(A).

## COUNT 3

From on or about February 23, 2016, in the Eastern District of Washington, and elsewhere, the Defendant, DARRIN LEE RUDDELL, did knowingly possess material which contained one or more visual depictions of child pornography, as defined in 18 U.S.C. § 2256(8)(A), the production of which involved the use of a minor who had not attained 12 years of age, engaging in sexually explicit conduct, and which visual depictions were of such conduct; that has been mailed, shipped and transported in interstate and foreign commerce, and which was produced using materials which had been mailed, shipped, or transported in interstate or foreign commerce, by any means including computer, all in violation of 18 U.S.C. § 2252(a)(5)(B).

## NOTICE OF CRIMINAL FORFEITURE

The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 2253.

Pursuant to 18 U.S.C. § 2253, upon conviction of offense(s) as alleged in Counts 1 – 3 of the Indictment, the Defendant, DARRIN LEE RUDDELL, shall forfeit to the United States of America any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of this chapter, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of this chapter; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and, any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses, or any property traceable to such property.

If any of the property described above, as a result of any act or omission of the defendant[s]:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b).

DATED: May 10, 2016

A TRUE BILL

Presiding Juror

MICHAEL C. ORMSBY
United States Attorney

THOMAS J. HANLON
Supervisory Assistant United States Attorney

LAUREL J. HOLLAND
Assistant United States Attorney

3