UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>    v.<br><br>DARRIN LEE RUDDELL,<br><br>              Defendant. | No.  4:CR-16-6028-EFS<br><br>**ORDER GRANTING THE MOTION FOR PROTECTIVE ORDER AND THE STIPULATED MOTION RE: FORENSIC REVIEW PROCEDURES FOR CHILD PORNOGRAPHY CONTRABAND** |

Before the Court are the parties' Stipulated Motion re: Forensic Review Procedures for Child Pornography Contraband, ECF No. 25, related Motion to Expedite, ECF No. 26, and the United States' Motion for Protective Order, ECF No. 24. Counsel for Defendant Darrin Lee Ruddell, Robert Fischer, and Assistant U.S. Attorney Laurel Holland agree to the terms set forth in the stipulated protective motion. And the privacy protection measures mandated by 18 U.S.C. § 3509(d), when a case involves a person under the age of eighteen years who is alleged to be a victim of a crime of sexual exploitation, or a witness to a crime committed against another person, apply to this case. Upon review, the Court grants the motions.

Accordingly, **IT IS HEREBY ORDERED**:

1. The United States' Motion for Protective Order, **ECF No. 24**, Stipulated Motion re: Forensic Review Procedures for Child Pornography Contraband, **ECF No. 25**, and related Motion to Expedite, **ECF No. 26**, are **GRANTED**.

ORDER - 1

```
 1     2.   The defense team shall not make, nor permit to be made, any
 2          copies of the child pornography contraband pursuant to this
 3          stipulation and order. The defense team agrees that it is
 4          strictly precluded from removing any contraband images from
 5          the government reviewing facility. Defense expert will be
 6          allowed   to   compile   a   report   (without   contraband
 7          images/videos) documenting the examination on removable
 8          media if the case dictates. Defense expert will be provided
 9          with a CD/DVD burner and disks to copy their report onto
10          optical media.
11     3.   All persons acting in this case in a capacity described in
12          18 U.S.C. § 3509(d)(1)(B), shall follow and abide by the
13          privacy protections of 18 U.S.C. § 3509(d)(1) and (2) as
14          follows:
15          (d) Privacy protection.--
16              (1) Confidentiality of information.—
17                  (A) A person acting in a capacity described in
18                      subparagraph  (B)  in  connection  with  a
19                      criminal proceeding shall--
20                          (i) keep all documents that disclose the
21                              name   or   any   other   information
22                              concerning a child in a secure place to
23                              which no person who does not have
24                              reason to know their contents has
25                              access; and
26
```

ORDER - 2

         (ii) disclose documents described in clause (i) or the information in them that concerns a child only to persons who, by reason of their participation in the proceeding, have reason to know such information.

    (B) Subparagraph (A) applies to--

      (i) all employees of the Government connected with the case, including employees of the Department of Justice, any law enforcement agency involved in the case, and any person hired by the Government to provide assistance in the proceeding;

      (ii) employees of the court;

      (iii) the defendant and employees of the defendant, including the attorney for the defendant and persons hired by the defendant or the attorney for the defendant to provide assistance in the proceeding; and

      (iv) members of the jury.

  (2) Filing under seal.--All papers to be filed in court that disclose the name of or any other information concerning a child shall be filed under seal without necessity of obtaining a court order. The

ORDER - 3

```
                    person who makes the filing shall submit to the
                    clerk of the court--
              (A)   the complete paper to be kept under seal;
                    and
              (B)   the paper with the portions of it that
                    disclose the name of or other information
                    concerning a child redacted, to be placed in
                    the public record.
```

4. Counsel shall remind all persons providing assistance on this case of the obligations set forth in Paragraph 3 above.

5. Any alleged minor victim will be referred to either by initials or a pseudonym, whichever is agreed upon by counsel for the United States and the Defendant. Counsel shall be consistent in their use of the identifier selected. The parties shall prepare their witnesses and instruct them to refer to the alleged minor victims only by using the agreed pseudonyms (e.g., "Jane Doe 1", "Jane Doe 2" etc.), rather than their names, in opening statements and in closing arguments.

6. All personal information relating to any minor victim shall be precluded from public disclosure.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this  25th  day of May 2016.

                          s/Edward F. Shea
                          EDWARD F. SHEA
                  Senior United States District Judge

Q:\EFS\Criminal\2016\6028.stip.child.p.contraband.lc1.docx

ORDER - 4