

Andrea K. George
10 North Post Street, Suite 700
Spokane, Washington 99201
509.624.7606
Attorney for Darrin Ruddell

# United States District Court
## Eastern district of Washington
### Honorable Edward F. Shea

| | |
|---|---|
| United States, | No. 16-CR-006028-EFS |
| Plaintiff, | |
| v. | Sentencing Memorandum |
| Darrin Lee Ruddell, | |
| Defendant. | |

## I. Introduction

Darrin Ruddell takes issue with the Guideline range within the Presentence Report; some of the supervised release conditions; and the amount of restitution requested by the alleged and actual victims. This sentencing memorandum deals with the Guideline issues, the §3553(a) factors as to why an 11-year sentence is sufficient but not greater than necessary to meet the sentencing factors within §3553(a), and supervised release conditions. Mr. Ruddell files separately a challenge to the restitution and request for an evidentiary hearing.

### A. Guideline Objection

In the event the Court accepts the 11(c)(1)(C) agreement, the objection to the Guideline calculation contained within the PSR has less significance. The 11(c)(1)(C) sentence represents a 3-month downward variance from the Guidelines as found by the parties.[1]

The PSR finds a Total Offense Level 37/Category I and a Guideline range of 210 to 262 months. The PSR finds a 5-level increase under §2G2.2(b)(5) because "the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor." (PSR, at 11). Mr. Ruddell objects to this enhancement.

---

[1] There is an argument that an additional 2-level reduction is appropriate because Mr. Ruddell neither trafficked nor distributed any images. (*See,* §2G2.2(b)(1) This reduction lowers the Guideline range to 97 to 121 months. The 11(c)(1)(C) agreement represents an 11-month upward variance from the top of this Guideline range.

Mr. Ruddell pled guilty to receipt of child pornography. He did not plead guilty to, nor are there any admissions within the plea agreement or in the PSR that he manufactured or produced child pornography. Thus, there is insufficient basis to find that the 5-level enhancement for pattern of activity, is appropriate.

### B. Section 3553(a) factors

Darrin Ruddell is a soft-spoken, quiet man who prior to this offense, had never been arrested before. Like so many men before him, his path to possessing child pornography was not direct. It was not a pedophilic desire. It began with adult pornography that he and his wife enjoyed. For Darrin, it moved beyond that. Viewing pornography on the internet became his leisure activity. It became an obsession. Accessing adult pornography on the internet is a slippery slope, leading from adult to child pornography.

Looking back, Darrin believes the sexual abuse perpetrated by his older brother may have had a more profound effect on him than he previously believed. Before his arrest, he had begun talking about the abuse with his wife, but never received counseling. A sufferer of adult on-set depression, he stopped taking medication after consultation with his doctor. It was during this time that viewing pornography began taking over his life. He could feel his depression deepening and in some odd manner, pornography was a way of escaping. Prior to this period in his

life, Darrin was not involved in any inappropriate behavior with children, child pornography, or any other offense involving children.

Recognizing his need for counseling and treatment since his arrest, he resumed taking his depression medication, and has reconnected to some degree with the Church of Latter Day Saints, the church of his childhood. He finds these meetings comforting.

Counseling for depression, drug addiction and sex offender treatment will provide an effective means of preventing recidivism. According to the Center for Sex Offender Management ("CSOM"), a project funded by the United States Department of Justice, Office of Justice Programs, some recent studies show that appropriate "treatment interventions . . . are associated with lower rates of recidivism – some of them very significant." CSOM, *Sex Offender Treatment in the Context of Supervision: Effectiveness of Sex Offender Treatment ("Review of the Research")*, http://www.csom.org/train/supervision/ling/04_02_02.html (discussing several studies showing effectiveness of sex offender treatment).

Mental health counseling and sex offender treatment will do far more to protect the public against any future crime than a lengthy prison sentence.

## C. Supervised release conditions

Mr. Ruddell objects to the recommended special condition #1 in part (no contact with children under 18). Darrin has a young son. His son will be a teenager upon Mr. Ruddell's release. He asks this Court to exclude Mr. Ruddell's son from this condition. There is no indication or evidence that Mr. Ruddell is drawn to male children. In addition, none of the photographs contained images of male children. This provision that prevents direct contact with all children, even his own, will have a significant impact on his family.

Upon his release, Mr. Ruddell hopes to live with his now ex-wife and his teenage son.[2] She is very supportive and remains a constant in his live. As the Court knows, a stable living environment is one of the single most important factors for successful reintegration into society after a term of imprisonment.

Mr. Ruddell objects to what is now # 9 (#10 in the draft PSR) which prevents him from possessing any type of camera or video recording device. He will be on supervised release for 30 years. The probation department will have access to his home and computer devices, which can just as easily include his camera. To prevent Mr. Ruddell from recording important events or people in his life, such as

---

[2] But for his son, by the time he is released from prison, Mr. Ruddell's children and step children will be over 18.

the high school graduation of his son, or his wife's smile; to prevent him from recording his life experiences such as the sunrise, the snow-capped mountains or Christmas, is an excessive and unnecessary condition of his supervised release.

Mr. Ruddell had objected to what is now #13 (#12 in the draft PSR) but withdraws that objection.

## II. Conclusion

Mr. Ruddell asks this Court to accept the 11(c)(1)(C) agreement of 11-year in prison followed by a 30-year term of supervised release. He also asks this Court to recommend the Residential Drug Abuse Program (RDAP), sex offender treatment and mental health counseling.

Dated: June 5, 2017.

Federal Defenders of Eastern Washington & Idaho
Attorneys for Darrin Ruddell

<u>s/Andrea K. George</u>
Andrea K. George, MN 202125
10 North Post Street, Suite 700
Spokane, Washington 99201
t: (509) 624-7606
f: (509) 747-3539
andrea_george@fd.org

## Service Certificate

I certify that on June 5, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will notify Assistant United States Attorneys: Laurel Holland.

s/Andrea K. George
Andrea K. George, MN 202125
10 North Post Street, Suite 700
Spokane, Washington 99201
t: (509) 624-7606
f: (509) 747-3539
andrea_george@fd.org